**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARIA EUGENIA LANDAETA SALAZAR,

Petitioner,

v. Case No. 3:26-cv-2359-WWB-SJH

SHERIFF SCOTTY RHODEN, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Upon review of Petitioner's allegations and arguments, the Court construes the Petition as challenging her mandatory detention under 8 U.S.C. § 1225. (*See generally id.*). As relief, Petitioner requests immediate release or an individualized bond hearing. (*Id.* at 7).

Federal Respondents filed a Response advising that on June 30, 2026, Petitioner received a bond hearing, and the immigration judge denied her bond request because the immigration judge found her to be a danger to the community. (Doc. 8 at 1; Doc. 8-1 at 9). Petitioner has appealed the immigration judge's decision, as such, they argue that Petitioner is without recourse and the Court should deny the Petition. (Doc. 8 at 1–2).

Here, Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release" (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))). And because

Petitioner received the only relief requested in his Petition for which he was entitled—a bond hearing—the Court finds the Petition to be moot. To the extent Petitioner disagrees with the outcome of the bond hearing, she may take up those issues during her appeal of the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(7). Or she may seek a new bond hearing if she can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot**.
2. The Clerk is **DIRECTED** to enter judgment dismissing the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on November 4, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Counsels of Record